**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7594

TROY DEWAYNE GILES,

Petitioner - Appellant,

versus

DIRECTOR OF VIRGINIA DEPARTMENT OF
CORRECTIONS,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   David G. Lowe, Magistrate
Judge.  (CA-03-907)

Submitted:  January 12, 2005        Decided:  January 26, 2005

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Troy Dewayne Giles, Appellant Pro Se.  Eugene Paul Murphy, OFFICE
OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Troy Dewayne Giles seeks to appeal the magistrate judge's order dismissing as untimely his petition filed under 28 U.S.C. § 2254 (2000).[*] An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Giles has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) (2000).

- 2 -